IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID F. BARGHOORN,

    Petitioner,                     No. CIV S-07-1996 MCE DAD P

    vs.

KEN CLARK, Warden,

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 2, 2007, the undersigned ordered respondent to file a response to the petition. On January 2, 2008, respondent filed a motion to dismiss on the ground that petitioner failed to exhaust all of his federal constitutional claims by fairly presenting them first to the California Supreme Court. On January 16, 2008, petitioner filed a timely opposition to the motion. Respondent has not filed a reply.

**BACKGROUND**

        In 2004 an Amador County Superior Court jury convicted petitioner of two counts of committing a forcible lewd act on a child under the age of fourteen years and one count of continuous sexual abuse of a child under the age of fourteen years. (Docs. Lodged by Resp't, Docs. 1-2.) The trial court found that petitioner had suffered two prior convictions and sentenced

him to an aggregate prison term of eighty-five years to life. (Id., Docs. 1-2.) On May 31, 2006, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction. (Id., Doc. 1.) On August 16, 2006, the California Supreme Court denied his petition for review. (Id., Doc. 3.) Petitioner did not pursue any state collateral challenges to his judgment of conviction. (Pet. at 3.)

On September 24, 2007, petitioner filed his petition for writ of habeas corpus in this court raising the following four claims:

> Ground one: Trial court erred prejudicially by instructing the jury with CALJIC No. 17.01, violating petitioner's 6th and 14th Amendment rights.
>
> Ground two: Penal Code § 803, sub. (g) violates the Due Process Clause under the United States Constitution, thus violates petitioner's rights.
>
> Ground three: The trial court abused its discretion prejudicially by failing to exclude or limit the evidence of prior sexual misconduct.
>
> Ground four: Violation of petitioner's Due Process Clause (sic) and ineffective assistance of trial counsel.

(Pet. at 5-6.)

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

In his very brief motion to dismiss, respondent contends that petitioner failed to exhaust his ineffective assistance of counsel claim, the forth claim of his federal petition, in that he failed to present this claim in its entirety to the state's highest court as required. (Resp't's Mot. to Dismiss at 2-3.) Respondent does acknowledge that petitioner mentioned the ineffective assistance of his trial counsel for failing to raise issues regarding California Evidence Code § 1108 and CALJIC No. 2.50.01 in his petition for review filed with the California Supreme Court. (Id. at 3.) However, respondent maintains that petitioner only made mention of ineffective assistance of counsel in the heading of his argument and never discussed the issue in the body of his argument made to the California Supreme Court. (Id.) Respondent also argues that in his

petition for review to the California Supreme Court petitioner did not mention ineffective assistance of counsel with regard to the jury in his case being instructed with CALJIC No. 17.01. (Id.) Respondent maintains that exhaustion requires that the highest state court be presented both the facts underlying a federal constitutional claim as well as the substance of the claim. (Id.) Respondent concludes that petitioner's federal petition must be dismissed due to his failure to exhaust state remedies with respect to his ineffective assistance of counsel claim after first giving him the opportunity to further amend the petition to delete that unexhausted claim. (Id. at 4-5.)

II. Petitioner's Opposition

In his opposition to respondent's motion to dismiss, petitioner argues that he provided the California Supreme Court with a full and fair opportunity to consider his ineffective assistance of counsel claim in his petition for review filed with that court. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-4.) Specifically, petitioner argues that in both the heading and in the body of the argument he presented to that court he made clear that he was claiming that he had received ineffective assistance of trial counsel in violation of his federal constitutional rights. (Id. at 6.) Petitioner concludes that respondent's motion to dismiss lacks merit and is frivolous. (Id. at 11.)

**ANALYSIS**

I. Exhaustion of State Remedies

State courts must be given the first opportunity to decide a state prisoner's habeas corpus claims. Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). In general, a state prisoner's application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. Duncan v. Henry, 513 U.S. 364,

1  365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).  A federal claim is fairly presented if
2  the petitioner has described the operative facts and the federal legal theory upon which his claim
3  is based.  Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by
4  Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364
5  (9th Cir. 1999); see also Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir.
6  1994).

7           Thus, for example, a claim is unexhausted where the petitioner did not fairly
8  present the factual or legal basis for the claim to the state court.  See Picard, 404 U.S. at 275.  In
9  this regard, "[i]t is not enough . . . that a somewhat similar state-law claim was made."  Anderson
10 v. Harless, 459 U.S. 4, 6 (1982).  As a rule, the "mere similarity of claims is insufficient to
11 exhaust."  Duncan, 513 U.S. at 365-66.  On the other hand, "new factual allegations do not
12 ordinarily render a claim unexhausted."  Beatty v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002).  A
13 claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already
14 considered by the state courts."  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).  See also Beatty,
15 303 F.3d at 989-90; Weaver, 197 F.3d at 364.  It is not necessary that "every piece of evidence"
16 supporting federal claims have been presented to the state court.  Chacon v. Wood, 36 F.3d 1459,
17 1469 n.9 (9th Cir. 1994) (emphasis in original).  The introduction of new evidence effects the fair
18 presentation requirement when it "substantially improves the evidentiary basis" for petitioner's
19 claims.  Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).  New factual allegations that are
20 merely cumulative of those presented to the state court do not transform the claim and thus do
21 not require exhaustion.  Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd,
22 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).  See also Weaver, 197 F.3d at 364
23 (acknowledging that although the "precise factual predicate" for a claim had changed after the
24 evidentiary hearing in federal court, the claim remained rooted in the same incident and was
25 therefore exhausted).
26 /////

1  II. <u>Discussion</u>

As noted above, petitioner raises four claims in his federal habeas petition now before this court. (Pet. at 5-6.) The issue presented by the pending motion is whether petitioner exhausted his ineffective assistance of counsel claim by fairly presenting it to the California Supreme Court in his petition for review filed with that court. In its entirety the fourth claim of his federal petition states:

> Ground four: Violation of petitioner's Due Process Clause (sic) and ineffective assistance of trial counsel.
>
> The jury was instructed with CALJIC No. 2.50.01, which allows admission of evidence of other sexual offenses to show disposition to commit such offenses and premits [sic] the jury to find Petitioner was likely to commit and did commit the instant alleged offenses. The California Supreme Court erred in its ruling by denying Petitioner's petition.
>
> The California Supreme Court erred when it upheld the constitutionality of Evidence Code 1108. Petitioner so contends that the use of prior sexual misconduct pursuant to Evidence Code 1108 and instructing the jury on CALJIC No. 2.50.01 denied Petitioner of a fair trial and violated his due process rights.
>
> The California Supreme Court cited state cases and law for reason for a [sic] denying Petitioner's petition.
>
> Petitioner recognizes the California Supreme Court is bound by those decisions. Nonetheless, this remain[s] an open question at the higest [sic] federal level.
>
> Petitioner argues that the California Supreme Court opinions were incorrectly decided.
>
> Further, the giving of an express propensity instruction, here CALJIC No. 2.50.01, "by itself so infected the entire trial that the resulting conviction violates due process." Petitioner's trial counsel was ineffective for failing to argue or raise this issue at trial.
>
> Petitioner's trial counsel was also ineffective by not objecting to CALJIC No. 17.01. Here, the Attorney General of California and the appeals court agree that the Petitioner had an opportunity to object to the introduction of CALJIC No. 17.01. But did not. Petitioner would like to point out that he was represented at trial by counsel, it was trial counsel['s] duty to put on a defense that is not full of incompetence, here Petitioner['s] trial [counsel] should have

5

> know[n] that the introduction of CALJIC No. 17.01, 2.50.01, and Evidence Code 1108 [v]iolated Petitioner's constitutional rights. The likelihood that the jury based it[s] verdict on the introduction of improper evidence Petitioner will never know.
>
> But Petitioner argues that allowing past acts of misconduct, trial court errors, Ineffective Assistance of Trial Counsel, and the improper Jury instruction, prejudice Petitioner to a fair trial and violated his due process and fourteenth amendment rights.

(Pet. at 6, 1.D.-2.D.)

Thus, in the fourth claim of his federal petition petitioner claims both that: (1) his due process rights were violated by the introduction of evidence of prior sexual misconduct pursuant to California Evidence Code § 1108 and the giving of CALJIC No. 2.50.01 and (2) that his right to adequate assistance of counsel was denied when his trial counsel failed to object to the giving of CALJIC Nos. 17.01 and 2.50.01.[1]  The court has carefully reviewed petitioner's submissions to the California Supreme Court and concludes that petitioner failed to exhaust the ineffective assistance of counsel aspect of his fourth claim only with respect to his trial counsel's failure to object to giving of CALJIC No. 17.01.

With respect to that aspect of his fourth claim for relief in which petitioner contends that his counsel provided ineffective assistance by failing to object to the giving of CALJIC No. 2.50.01, petitioner did fairly present his claim for review by the California Supreme Court. In this regard, in heading for the fourth issue presented to the California Supreme Court for review, petitioner's appellate counsel wrote:

/////

/////

---

[1] It may have been suggested by respondent that in the ineffective assistance of counsel aspect of his fourth claim petitioner also contends that his trial counsel was ineffective in failing to object to the introduction of evidence of prior sexual misconduct pursuant to California Evidence Code § 1108. The undersigned does not interpret this to be part of the ineffective assistance of counsel claim. Moreover, the California Court of Appeal for the Third Appellate District addressed the underlying issue on the merits and did not suggest that trial counsel had failed to properly object to the admission of the challenged evidence. (See Lodged Doc. 1 at 19-24.)

> The pervasive use of other sexual crimes evidence under evidence code section 1108 and instruction of the jury with CALJIC No. 2.50.01 denied appellant a fair trial and violated the due process clause of the United States Constitution.  <u>Alternatively, appellant's trial counsel's assistance was ineffective for failing to raise this issue at trial.</u>

(Lodged Doc. 2. at 31) (emphasis added).   In the argument set forth below that heading petitioner's appellate counsel advised the California Supreme Court as follows: "THIS ARGUMENT HAS BEEN REDACTED TO MEET THE REQUIREMENTS OF RULE 28.1(e). SEE AOB [Appellant's Opening Brief] FOR DETAILED ARGUMENT." (<u>Id.</u>)[2]  Counsel also submitted to the court that while it had upheld California Evidence Code § 1108 and approved of CALJIC No. 2.50.01, those were open questions under federal law which counsel wished to preserve for future federal review. (<u>Id</u>.)  In the Appellant's Opening Brief to which the California Supreme Court was referred, petitioner's appellate counsel also stated that petitioner's due process rights were violated by the giving of CALJIC No. 2.50.01 or, alternatively, that his trial counsel was ineffective for failing to raise an objection thereto. (Lodged Doc. 4. at 53.) Although appellate counsel primarily argued in the opening brief on appeal that the other crimes' evidence should not have been admitted and that CALJIC No. 2.50.01 was erroneous and should not have been given at petitioner's trial, he nonetheless, indicated that his argument in the alternative was that trial counsel provided ineffective assistance in failing to raise these issues at trial court. (Id. at 53-59.)

      The exhaustion requirement is intended to afford "the state courts a meaningful opportunity to consider allegations of legal error" before a federal habeas court may review a prisoner's claims. <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) (quoting <u>Vasquez v. Hillery</u>, 474 U.S. at 257); <u>Wooten v. Kirkland</u>,___F.3d___, 2008 WL 3905044, *2 (9th Cir. Aug.

---

[2] Former Rule 28.1 of the California Rules of Court, now renumbered as Rule 8.504, limited the length of petitions filed with the court to a specific number of words if produced on a computer.

26, 2008). To provide the State that opportunity the prisoner must "fairly present" his claim to the state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365); Picard, 404 U.S. at 276; Wooten, 2008 WL 3905044 at *4 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and correct [the] asserted constitutional defect.") (quoting Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)). Here petitioner's appellate counsel complied with these requirements by presenting the California Supreme Court with a fair opportunity to pass on his claim that trial counsel's failure to object to the giving of CALJIC No. 2.50.01 constituted inadequate assistance.

The same cannot be said with respect to that aspect of petitioner's claim in the petition before this court that his trial counsel provided inadequate assistance by failing to object to the jury being instructed with CALJIC No. 17.01. In affirming petitioner's judgment of conviction the California Court of Appeal for the Third Appellate District found that petitioner had forfeited his claim of error with respect to that instruction because his trial counsel had failed to object to it. (Lodged Doc. 1. at 6.) Despite this fact, in the petition for review to the California Supreme Court petitioner's appellate counsel did not suggest in any way that trial counsel was ineffective in failing to object to CALJIC No. 17.01. Instead, appellate counsel merely repeated the argument that the trial court erred in giving CALJIC No. 17.01 because it conflicted with CALJIC No. 10.42.6. (Lodged Doc. 2 at 10-15 .) Petitioner's appellate counsel simply failed to present any factual or legal basis of an ineffective assistance of counsel claim in this respect. See Picard, 404 U.S. at 275. Accordingly, the court must concludes that this aspect of petitioner's ineffective assistance claim is unexhausted.

Based upon the conclusions reached above with respect to exhaustion, petitioner's federal petition pending before this court is a "mixed" petition, containing both exhausted and partially unexhausted claims. A federal court cannot grant habeas relief based on a mixed petition. However, recent developments in the law leads the court to the conclusion that

respondent's motion to dismiss should not be granted at this time.  Instead, petitioner should be given the opportunity to inform the court as to how he wishes to proceed in this case after considering the three options set forth below.  See Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005).

First, petitioner may elect to seek a stay and abeyance order to allow him to return to state court to exhaust his unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed petitions.  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  The Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines, 544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.  If petitioner chooses to pursue this option, the court will issue a separate order granting him thirty days leave to file a motion for a stay and abeyance.

Second, petitioner may elect to abandon the unexhausted aspect of his fourth claim before this court without seeking a stay and abeyance order and proceed solely on his exhausted claims.  Petitioner is advised that, if he chooses this option, a subsequent petition challenging the same conviction that attempts to raise his ineffective assistance of counsel claims with respect to his trial counsel's failure to object to CALJIC No. 17.01 may be barred as second

/////

or successive. If petitioner chooses this option, the court will issue a separate order granting him thirty days leave to amend his petition to include only his exhausted claims.

Finally, petitioner may move to voluntarily dismiss this action and complete exhaustion of the unexhausted aspect of the fourth claim and then file a new federal petition presenting all of his exhausted claims. Petitioner is advised, however, that if he chooses this option, any future federal petition for writ of habeas corpus may very well be time barred. In this regard, the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

In sum, the court will recommend that respondent's motion to dismiss be denied at this time. The court will also recommend that petitioner be granted thirty days leave to notify the court by declaration as to how he wishes to proceed in this case. Petitioner's declaration need not be long. Upon review of petitioner's declaration, the undersigned will issue an order granting petitioner thirty days leave to either: (1) file a motion for stay and abeyance; (2) file an amended petition containing only his exhausted claims; or (3) file a motion for dismissal.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 2, 2008 motion to dismiss (Doc. No. 13) be denied; and

2. Petitioner be granted thirty days leave to file a declaration notifying the court as to how he wishes to proceed in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: August 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
barg1996.157