1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID F. BARGHOORN,

11            Petitioner,                No. CIV S-07-1996 MCE DAD P

12       vs.

13   KEN CLARK, Warden,

14            Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.

18            On January 2, 2008, respondent filed a motion to dismiss on the ground that

19   petitioner failed to exhaust all of his federal constitutional claims by fairly presenting them first

20   to the California Supreme Court.  On August 29, 2008, the undersigned issued findings and

21   recommendations, recommending that the assigned district judge deny respondent's motion to

22   dismiss and grant petitioner leave to file a declaration informing the court as to how he wished to

23   proceed with his "mixed" federal petition.  The undersigned informed petitioner that he could (1)

24   elect to file a request for a stay and abeyance, (2) elect to proceed solely on his exhausted claims,

25   or (3) elect to voluntarily dismiss this action and complete exhaustion and then file a new federal

26   petition presenting all of his exhausted claims.

                                          1

On September 25, 2008, the assigned district judge adopted the undersigned's findings and recommendations in full, denied respondent's motion to dismiss for failure to exhaust, and ordered plaintiff to file a declaration informing the court as to how he wished to proceed in this action.

Before the court is petitioner's request for a stay and abeyance.  Therein, petitioner contends that his unexhausted claim of ineffective assistance of counsel is valid as demonstrated in his original petition for a writ of habeas corpus.  As the court previously explained, the U.S. Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.

Here, petitioner cannot present his ineffective assistance of counsel claim to this court until the claim has been fairly presented to the California Supreme Court.  It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose.  Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot,

thereby serving the interests of judicial economy as well as the interests of justice.  Accordingly, petitioner's request for a stay and abeyance should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's September 22, 2008 request for a stay and abeyance (Doc. No. 19) be granted;

2.  Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days from the date of this order;

3.  This action be stayed and the Clerk of the Court be directed to administratively close the case;

4.  Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5.  Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

/////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: December 1, 2008.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    barg1996.sty

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26