# United States District Court
# Eastern District of California

| | |
|---|---|
| DAVID FRANKLIN BARGHOORN,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>     Respondent. | CIV S-07-1996 TJH<br><br><br>Order |

Petitioner was found guilty of two counts of forcible lewd conduct upon a child under fourteen years of age and one count of continuous sexual abuse of a child under fourteen years of age.  The jury found petitioner guilty on all three counts.  Petitioner had two previous serious felony convictions.  He was sentenced to eighty-five years to life in state prison.

Petitioner appealed to the California Court of Appeal, which affirmed the judgment.  Subsequently, he petitioned the California Supreme Court for review, which was which denied.  Respondent admits Petitioner exhausted his claims for relief. Petitioner, *pro se*, filed this federal writ for *habeas* relief on the following grounds:

  1.  The trial court erred in giving instructions that allowed the jury to convict petitioner of continuous sexual abuse of the alleged victim based on one act of

1    alleged abuse;

2    2.    The trial court improperly instructed the jury to consider California Penal

3    Code section 803(g), which violates the *Ex Post Facto Clause* of the United States

4    Constitution;

5    3.    The trial court abused its discretion by failing to exclude or limit the

6    evidence of his prior sexual misconduct;

7    4.    The trial court erred in instructing the jury to consider evidence of

8    petitioner's other sexual offenses and petitioner's trial counsel rendered

9    ineffective assistance of counsel for failing to object to this jury instruction; and

10   5.    Petitioner's appellate counsel rendered ineffective assistance of counsel for

11   failing to object to the jury instruction that allowed the jury to convict petitioner

12   of continuous sexual abuse of the alleged victim based on one act of alleged

13   abuse.

14

15   A writ of *habeas corpus* may only be granted if the Petitioner's state court

16   judgment was in violation of "clearly established federal law, as decided by the Supreme

17   Court" or was based on an "unreasonable determination of the facts" based on the

18   evidence before the state court.  28 U.S.C. § 2254(d) (1-2).  Factual decisions made by

19   that state court are presumed to be correct and the Petitioner has the burden of proof to

20   show the state court made a factual mistake by clear and convincing evidence.  28 U.S.C.

21   § 2254(e)(1).

22

23   Petitioner argues that the trial court erred by giving the jury two sets of conflicting

24   unanimity instructions: California Jury Instructions ("CALJIC") Nos. 10.42.6 and 17.01.

25   CALJIC No. 10.42.6 states the requisite elements of California Penal Code section 288.5

26   and instructs the jury that it must find that the defendant committed three or more acts

27   of substantial sexual conduct to convict him of that offense. CALJIC No. 17.01

28   instructed the jury that it must find "any one or more of the acts" and to "agree that

1  [defendant] committed the same act or acts."

2

3      A claim for instructional error under state law is not a basis for federal *habeas*

4  relief. Indeed, federal courts do not grant relief simply because the instruction may have

5  been deficient. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d

6  385, 398 (1991). Instead, the only question for federal review is "whether the ailing

7  instruction by itself so infected the entire trial that the resulting conviction violates due

8  process." *Estelle*, 502 U.S. at 71. Additionally, the instruction "may not be judged in

9  artificial isolation," but must be considered in the context of the instructions as a whole

10 and the trial record. *Estelle*, 502 U.S. at 72.

11

12     In the context of the instructions as a whole and the trial record, CALJIC Nos.

13 10.42.6 and 17.01 were not inconsistent. When read together, as the jury was told to do,

14 CALJIC No. 17.01 did not alter the requirement stated in CALJIC No. 10.42.6  that the

15 jury must find that the defendant committed three or more acts. While CALJIC No.

16 10.42.6 broke down the requisite elements for the specific charge of continuous sexual

17 abuse of a child, CALJIC No. 17.01 was given in connection with *all three counts*.

18 Specifically, CALJIC No. 17.01 requires that all jurors, to return a verdict of guilty, must

19 agree that the defendant committed the same act although the prosecution had introduced

20 evidence for the purpose of showing that there was more than one act upon which a

21 conviction may be based. These two instructions did not infect the entire trial or create

22 a reasonable likelihood that the jury would have applied the instructions in a way that

23 prevents the consideration of constitutionally relevant evidence. Because Petitioner

24 failed to establish that the trial court's decision was objectively unreasonable,

25 petitioner's claim fails.

26

27     Petitioner contends that California Penal Code section 803(g) violates the *Ex Post*

28 *Facto* Clause of the United States Constitution, thereby infringing upon his due process

rights.  Under California Penal Code section 800, the general statute of limitations for child sexual abuse, as prescribed by sections 288 and 288.5, is six years.  Section 803 specifies the circumstances which toll the general statutory period of limitations.  The legislature added subdivision (g) to section 803, effective on January 1, 1994, to extend the period of limitations for violations of sections 288 and 288.5.  Section 803(g) permits charges to be brought in cases where the statute of limitations had expired if the prosecution followed within one year of a complaint made to the police.  (Section 803(g) has been amended several times since its original enactment and has most recently been renumbered subdivision (f.))  When petitioner was charged in 2003, section 803(g) stated that it applied "to a cause of action arising before, on, or after January 1, 1994, the effective date of this subdivision, and it shall revive any cause of action barred by Section 800 or 801 under specified conditions."

"A law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution."  *Stogner v. California*, 539 U.S. 607, 632, 123 S. Ct. 2446, 2461, 156 L. Ed. 2d 544, 565 (2003).  The *Ex Post Facto* Clause does not prohibit extending a statute of limitations that has not yet expired.  *Stogner*, 539 U.S. 618.

Petitioner relies on *Stogner*, which held that a statute enacted after the expiration of a statute of limitations and that revives prosecution is a classic *ex post facto* law.  *Stogner*, 539 U.S. at 614-15.  However, because the statute of limitations under section 800 had not expired when section 803(g) became effective on January 1, 1994, section 803(g) permitted the state to commence prosecution for the offenses within one year after the filing of the victim's report, notwithstanding the limitation period in section 800.  Unlike in *Stogner*, section 803(g) was enacted while the limitations period was still running on the charges against petitioner.  Since the six year statute of limitations had not expired when subdivision (g) went into effect, his defense was never perfected or

1    valid.  As a result, Petitioner's claim fails.

2

3        Petitioner claims that the trial court abused its discretion by failing to exclude or
4    limit the evidence of his prior sexual misconduct.  In particular, petitioner argues that the
5    trial court did not give careful consideration to California Evidence Code section 352,
6    which states that a court, in its discretion, may exclude evidence if its probative value is
7    substantially outweighed by the probability that its admission will (a) necessitate undue
8    consumption of time or (b) create substantial danger of undue prejudice, or confusing the
9    issues, or of misleading the jury.  California Evidence Code section 1101 provides that
10   evidence of a person's character or trait of his or her character (whether in the form of
11   an opinion, evidence of reputation, or evidence of specific instances of his or her
12   conduct) is inadmissible when offered to prove his or her conduct on a specified
13   occasion.  However, there are exceptions, one of which is section 1108.  Section 1108
14   states, "[i]n a criminal action in which the defendant is accused of a sexual offense,
15   evidence of the defendant's commission of another sexual offense or offenses is not
16   made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to
17   Section 352."

18

19       The prosecution moved *in limine* to admit evidence of three prior acts of sexual
20   misconduct with three other victims, namely evidence that defendant pled guilty to
21   committing a lewd and lascivious act on a child under the age of fourteen years against
22   two young children, "M" in 1988 and "H" in 2001.  After considering the factors
23   required by section 352, the trial court admitted evidence involving M and H, finding
24   that such evidence was very similar to the allegations in counts one and two, and
25   excluded the evidence involving petitioner's stepson, finding the evidence inflammatory
26   and unnecessary in light of the evidence of the other uncharged offenses.  The trial court
27   found that, because defendant admitted those two incidents, the purpose of the statute
28   was served.

1   Federal courts do not review questions of state evidence law. *Estelle*, 502 U.S. at

2   67.  In relation to federal *habeas* review, federal courts must only consider whether the

3   petitioner's conviction violated constitutional norms. *Jammal v. Van De Kamp*, 926 F.2d

4   918, 919 (9th Cir. 1991).  Accordingly, the relevant inquiry is whether the admission of

5   the evidence so fatally infected the proceedings as to render them arbitrary and

6   fundamentally unfair. *Jammal*, 926 F.2d at 919. Only if the jury can draw no permissible

7   inferences from the evidence can its admission violate due process. *Jammal*, 926 F.2d

8   at 920.  Even then, however, the evidence must "be of such quality as necessarily

9   prevents a fair trial." *Henry v. Estelle*, 33 F.3d 1037, 1042 (9th Cir. 1994).

10

11   The trial court's decision to admit evidence of petitioner's prior sexual misconduct

12   was neither arbitrary nor fundamentally unfair as to violate petitioner's due process

13   rights.  Admission of propensity evidence will only sometimes violate the constitutional

14   right to a fair trial, such as when it is of no relevance, or if its potential prejudice far

15   outweighs what little relevance it might have.  *United States v. LeMay*, 260 F.3d 1018,

16   1027 (9th Cir. 2001).  As a result, propensity is a constitutionally permissible inference.

17   *LeMay*, 260 F.3d at 1026.   In addition, "the trial court in the exercise of its discretion

18   is more competent to judge the exigencies of a particular case." *LeMay*, 260 F.3d at

19   1034.  The trial court weighed the probative value and any undue prejudice, and, then,

20   reasonably concluded that the evidence of the two prior sexual assaults was relevant to

21   petitioner's propensity to molest young children.  Specifically, the trial court gave

22   consideration to the requirements under section 352, finding that, for the purposes of the

23   corroboration requirement, to prove intent and lack of mistake, and to prove propensity,

24   the incidents involving victims M and H are "very similar" to the allegations in counts

25   one and two.  Therefore, the trial court's admission of evidence of petitioner's prior

26   sexual misconduct was not fundamentally unfair.

27   . . . . . . .

28   Also, petitioner's trial was not made fundamentally unfair when the trial court

1   instructed the jury on his propensity to commit sexually violent offenses.  The trial court

2   instructed the jury, with CALJIC No. 2.50.01, that the jury *may* infer from the evidence

3   of petitioner's prior sexual misconduct that he had a disposition to commit offenses.

4   Further, the court instructed the jury that if the jury did infer that petitioner had a

5   disposition to commit offenses, this inference is simply one item to consider, along with

6   other evidence, in determining whether the defendant has been proven guilty beyond a

7   reasonable doubt of the charged crime.  As stated above, propensity is a constitutionally

8   permissible inference.  *United LeMay*, 260 F.3d at 1026.  Further, CALJIC No. 2.50.01,

9   which instructed the jury that it could not rest a conviction solely on evidence of prior

10  offenses,  had probative value that was not outweighed by any undue prejudice.  Thus,

11  this jury instruction did not infect the proceedings as to make the trial fundamentally

12  unfair.

13

14          Furthermore, neither petitioner's trial counsel nor appellate counsel failed to

15  provide effective assistance by not objecting to, or raising on appeal, the jury instruction

16  issues.  Review of claims of ineffective assistance of counsel is governed by a two-prong

17  test:  Petitioner must show that counsel's advice fell below an objective standard of

18  reasonableness, and that there is a reasonable probability that, but for counsel's

19  unprofessional errors, petitioner would have prevailed.  *Strickland v. Washington*, 466

20  U.S. 668, 687, 104 S. Ct. 2052, 2063, 80 L. Ed. 3d 674, 693 (1984).  Regarding trial

21  counsel, while raising objections at trial to the jury instructions would not have been

22  frivolous, neither would it have led to a reasonable probability of petitioner prevailing

23  either under either the federal or California constitution.  Petitioner did not suffer any

24  prejudice due to counsel's performance.  For the reasons stated above, CALJIC Nos.

25  17.01 and 2.50.01 were objectively reasonable and did not infect the proceedings as to

26  make the trial fundamentally unfair.

27  .  .  .  .  .  .  .

28

1    Appellate counsel, in many instances, will fail to raise an issue because there is no

2   likelihood of success on that particular issue; "the weeding out of weaker issues is

3   widely recognized as one of the hallmarks of effective appellate advocacy." *Miller v.*

4   *Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

5

6    Petitioner's argument, that appellate counsel ineffectively failed to raise on appeal

7   issues regarding CALJIC Nos. 17.01 and 10.42.6 fails because, as noted above, when

8   reviewed together as a whole, the instructions were not objectively unreasonable.  The

9   instructions did not infect the entire trial or create a reasonable likelihood that the jury

10   would have applied the instructions in a way that prevents the consideration of

11   constitutionally relevant evidence.  Thus, appellate counsel would not have had a

12   reasonable probability of success had it been raised on appeal.  Petitioner suffered no

13   prejudice on account of appellate counsel's performance.  Accordingly, petitioner was

14   not denied his constitutional right to the effective assistance of appellate counsel.

15

16    It is Ordered that the petition be, and hereby is, Denied.

17

18   Date:  October 3, 2012

19

20                                                   Terry J. Hatter, Jr.

21                                       Senior United States District Judge

22

23

24

25

26

27

28